UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LESTER STEIG,

        Plaintiff,

v.                                      Case No. 1:14-cv-664
                                           Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
                                        /

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB).

Plaintiff was born on January 24, 1966 (AR 168).[1] He completed high school and had past employment as the assistant manager of a county park, custodian, maintenance worker, security officer and truck driver (AR 173). Plaintiff alleged a disability onset date of July 15, 2011 (AR 168). He identified his disabling conditions as back problems, knee problems and hypertension (AR 172). The administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on February 20, 2013 (AR 23-31). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] Citations to the administrative record will be referenced as (AR "page #").

### I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. § 404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923

(6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of

3

July 15, 2011 and that he met the insured status requirements of the Act through June 30, 2015 (AR 25). At the second step, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease, obesity, knee pain, neck pain, and carpal tunnel syndrome (AR 25). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 25).

The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he requires a sit/stand option at will, provided he is not off-task more than 9% of the work period. He can occasionally stoop, kneel, crouch, and crawl. He can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs. The claimant can frequently handle and finger with the upper extremities. He must avoid exposure to hazardous conditions

(AR 26). The ALJ also found that plaintiff was unable to perform any past relevant work (AR 30).

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled, light jobs in the national economy (AR 30-31). Specifically, plaintiff could perform the following work in the Lower Peninsula of Michigan: a garment sorter (1,200 jobs); a sorter of agricultural produce (1,000 jobs); and a folder (1,100 jobs) (AR 30-31). Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from July 15, 2011 (the alleged onset date) through February 20, 2013 (the date of the decision) (AR 31).

### III. ANALYSIS

Plaintiff raised three issues on appeal. The first two issues are related and will be addressed together.

> A. **The residual functional capacity (RFC) provided to the vocational expert (VE) in denying plaintiff's**

> **claim was not supported by substantial evidence as it assumed facts not in evidence, begged the question, assuming the conclusion that plaintiff could engage in substantial gainful activity (SGA), and did not accurately describe or include all of plaintiff's impairments when presenting the RFC to the VE.**
>
> **B.    The ALJ assigned "great weight" to a record review doctor, yet erroneously claimed that the doctor placed plaintiff at the light exertion level when the doctor actually placed him at a reduced range of sedentary work.**
>
> **1.    Hypothetical question posed to the VE**

Plaintiff contends that the hypothetical question posed to the VE (in plaintiff's words "the RFC provided to the VE") was flawed because it stated that the hypothetical person should be allowed to sit or stand at will, provided that the person "is not off task more than 9 percent" (AR 85). Plaintiff's Brief (docket no. 9, PageID #373-75).  Plaintiff contends that this question gave the VE "no choice" in her testimony because "[i]t is common knowledge for anyone that has been a part of ALJ hearings that a vocational expert will generally testify that employers permit up to 10% off task before it is work preclusive."  *Id.* at PageID #373.  According to plaintiff, by including the "9%" limitation, the ALJ engaged in "a purposeful and improper attempt to undermine one of Mr. Steig's impairments." *Id.* (emphasis omitted). Defendant agrees that "employers typically permit up to 10% off task before it is work preclusive" and construes the hypothetical question as reasonable, i.e., asking the VE to identify jobs with a sit/stand option which an individual with plaintiff's other limitations could perform.  *See* Defendant's brief (docket no. 10, PageID #397).

An ALJ's finding that a plaintiff possesses the capacity to perform substantial gainful activity that exists in the national economy must be supported by substantial evidence that the

plaintiff has the vocational qualifications to perform specific jobs. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). This evidence may be produced through the testimony of a VE in response to a hypothetical question which accurately portrays the claimant's physical and mental limitations. *See Webb v. Commissioner of Social Security*, 368 F.3d 629, 632 (6th Cir. 2004); *Varley*, 820 F.2d at 779. However, a hypothetical question need only include those limitations which the ALJ accepts as credible. *Blacha v. Secretary of Health and Human Services*, 927 F.2d 228, 231 (6th Cir. 1990). "[T]he ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals." *Stanley v. Secretary of Health and Human Services*, 39 F.3d 115, 118 (6th Cir. 1994).

Here, the ALJ posed a hypothetical question to the VE which mirrored the RFC determination (AR 26, 85). While both parties provide anecdotal evidence with respect to how VE's view the significance of an employee being "10 % off task," their musings are not relevant to this action. There is no such testimony in this case. The evidence before the Court consists of the ALJ's RFC determination that among other limitations, plaintiff "requires a sit/stand option at will, provided he is not off task more than 9% of the work period" and the VE's testimony that a hypothetical individual with these limitations could perform 3,300 jobs in Michigan (AR 84-86). The Court finds no error in this record.[2] Accordingly, plaintiff's claim of error will be denied.

---

[2] Furthermore, plaintiff did not object to either the form of the hypothetical question or the VE's testimony during the administrative hearing (AR 83-86). "The Sixth Circuit, along with other courts across the country, have generally recognized that a claimant's failure to object to testimony offered by a vocational expert, at the time of the administrative proceeding, waives the claimant's right to raise such issues in the district court." *Lyon v. Commissioner of Social Security*, No. 1:11-cv-1104 (W.D. Mich. March 19, 2003), *quoting Harris v. Commissioner of Social Security Administration*, No. 1:11-cv-1290, 2012 WL 4434078 at *3 (N.D. Ohio Sept. 24, 2012) (citing cases). *See Hammond v. Chater*, No. 96-3755, 1997 WL 338719 at *3 (6th Cir. June 18, 1997) (finding that the plaintiff's failure to raise objections to the VE's testimony waived the argument on appeal).

      **2.**      **The ALJ's finding that plaintiff could perform light work was not supported by substantial evidence or utilized an improper definition of light work.**

Plaintiff contends that he is unable to perform light work because he can lift only 10 pounds occasionally and is extremely limited in his ability "to stand and/or walk." Plaintiff's Brief at PageID #375-79. In this regard, plaintiff points out that the initial RFC and disability determination indicate that plaintiff can perform only sedentary work (AR 88-99). The regulations provide the following definitions of sedentary and light work.

> Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
>
> Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(a) and (b).

In determining that plaintiff could perform light work, the ALJ relied on the opinion of non-examining agency physician Shahida Mohiuddin, M.D.:

> As for the opinion evidence, the residual functional capacity conclusion reached by the reviewing source employed by DDS also supports a finding of 'not disabled.' Specifically, Shahida Mohiuddin, M.D., opined the claimant was capable of a limited range of light exertional work with some additional postural and environmental limitations. (Ex. 1A). This opinion is consistent with the claimant's

>treatment records, diagnostic imaging studies, and the claimant's activities of daily living.  Further, even though Dr. Mohiuddin is a non-examining and nontreating source, she is an expert in her field, and she had the opportunity to review the entire record at the time of her opinion.  Her opinion is based upon that review and her familiarity with the disability program and its requirements.  I therefore give great weight to Dr. Mohiuddin's opinion.

(AR 29).

As the ALJ noted, Dr. Mohiuddin found that plaintiff could lift 20 pounds frequently and 10 pounds occasionally (AR 95).  In addition, the doctor limited plaintiff to standing about two hours and sitting about six hours in an eight-hour workday, noted a number of postural limitations (e.g., occasionally climbing ramps, stairs, ladders, ropes and scaffolds, and occasionally balancing, stooping, kneeling, crouching and crawling), and listed a number of environmental restrictions (e.g., avoiding moderate exposure to hazards such as machinery and heights, and avoiding concentrated exposure to extreme heat, extreme cold, humidity and vibration)  (AR 95-96). According to defendant, a disability adjudicator, Ms. Kristen Tramel, applied the medical-vocational rules to the medical evidence provided by Dr. Mohiuddin and determined that plaintiff had the RFC for only sedentary work (AR 98).  *See* Defendant's Brief at PageID #398.  However, the record reflects that Dr. Mohiuddin's signature appears both after her RFC assessment and the agency determination that based on that assessment plaintiff could perform sedentary work (AR 99).  In short, it is unclear whether the doctor's findings support the ALJ's conclusion that plaintiff could perform a limited range of light work.  Accordingly, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the ALJ should re-evaluate plaintiff's RFC to determine whether he can perform light work or sedentary work.

### 3. The hypothetical question did not accurately portray plaintiff's impairments

Plaintiff contends that the hypothetical question did not adequately and accurately portray his physical and mental impairments. However, plaintiff does not address the hypothetical question posed or the VE's responses. *See* Plaintiff's Brief at PageID #379-80. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Accordingly, plaintiff's claim of error is deemed waived.

### C. The ALJ made improper credibility determinations, specifically regarding his activities of daily living (ADL's) and his wife's testimony.

#### 1. The ALJ's credibility determination

Plaintiff contends that the ALJ did not provide sufficient justification for determining that his testimony was not credible. An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997). "It [i]s for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony." *Heston*, 245 F.3d at 536, *quoting Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972). The court "may not disturb" an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The threshold for overturning an ALJ's credibility determination on appeal is so high, that in recent years, the Sixth Circuit has expressed the opinion that "[t]he ALJ's credibility findings are unchallengeable," *Payne*

*v. Commissioner of Social Security*, 402 Fed. Appx. 109, 113 (6th Cir. 2010), and that "[o]n appeal, we will not disturb a credibility determination made by the ALJ, the finder of fact . . . [w]e will not try the case anew, resolve conflicts in the evidence, or decide questions of credibility." *Sullenger v. Commissioner of Social Security*, 255 Fed. Appx. 988, 995 (6th Cir. 2007). Nevertheless, an ALJ's credibility determinations regarding subjective complaints must be reasonable and supported by substantial evidence. *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 249 (6th Cir. 2007).

Here, the ALJ evaluated plaintiff's credibility as follows:

The claimant is a 47-year-old man, who was 45 years old on his alleged onset date. He alleges disability due to back and knee problems. (Ex. 2E). He indicated his hands shake. He stated he has problems with lifting, squatting, bending, standing, walking, sitting, kneeling, and climbing stairs. (Ex.3E). The claimant testified he is six feet tall and he weighs 330 pounds. He stated he has carpal tunnel syndrome in his hands, worse on the right. He testified he can lift 10 pounds, sit for 30 minutes, and stand for 10 to 15 minutes. He stated he can walk one block. He indicated he needs to stand after approximately 10 minutes due to back pain. The claimant testified he cannot bend or twist. He stated he gets fatigued during the day and often naps. He testified he uses a cane when walking.

\*   \*   \*

In terms of the claimant's alleged serious limitations in his ability to perform work-related activity, the evidence and testing does not corroborate the claimant's allegations that his limitations prevent performance of all work related activity. I used factors considered under SSR 96-7p in determining the credibility of the claimant's allegations. The claimant described daily activities, which are not limited to the extent one would expect given the complaints of disabling symptoms and limitations. The claimant indicated he has some difficulties with personal care. He takes care of his dogs. He is able to prepare simple meals, wash dishes, and do laundry. He sweeps and vacuums the floor. He does minimal yard work. The claimant is able to drive a car and shop in stores. He indicated he enjoys watching television, watching movies, and fishing. He visits with family and friends regularly. He occasionally goes to church. (Ex. 3E). The claimant's reported activities of daily living are consistent with the residual functional capacity set forth herein.

(AR 27-28).

The ALJ discounted plaintiff's credibility almost exclusively because he was able to perform a variety of daily activities. It is well established that an ALJ may consider "household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters*, 127 F.3d at 532. However, while the ALJ found that plaintiff's claims were not supported by the medical evidence, he did not identify any such evidence. Rather, the ALJ made the blanket statement that "the evidence and testing does not corroborate the claimant's allegations that his limitations prevent performance of all work related activity" (AR 28). The Commissioner must provide a statement of evidence and reasons on which the decision is based. *See* 42 U.S.C. § 405(b)(1). An ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." *Hurst v. Secretary of Health and Human Services*, 753 F.2d 517, 519 (6th Cir. 1985). In this instance, the Court cannot trace the path of the ALJ's reasoning, specifically the ALJ's finding that the medical evidence did not corroborate plaintiff's allegations that he could not perform any work related activity. Accordingly, on remand, the ALJ should re-evaluate plaintiff's credibility and identify the non-corroborating medical evidence referenced in his decision.

    **2. The testimony of plaintiff's wife**

Plaintiff contends that the ALJ ignored the hearing testimony of his wife, Lois Steig, who testified that she did "99 percent of the work" at their house and had to assist plaintiff with his personal hygiene (AR 79). The ALJ may use evidence of "other" sources to show the severity of a

claimant's impairments and how those impairments affect the claimant's ability to work. 20 C.F.R. § 404.1513(d). These "other" sources include non-medical sources such as spouses, parents and other caregivers, siblings, other relatives, friends, neighbors and clergy. 20 C.F.R. § 404.1513(d)(4). Perceptible weight must be given to lay testimony when "it is fully supported by the reports of the treating physicians." *Lashley v. Secretary of Health and Human Services*, 708 F.2d 1048, 1054 (6th Cir. 1983).

Here, the ALJ's decision did not address Mrs. Steig's testimony. However, this is not an error requiring reversal because the ALJ's decision does not need to explicitly address each piece of evidence which appears in the administrative record. The record reflects that the ALJ considered the entire record (AR 23, 25). "Neither the ALJ nor the [Appeals] Council is required to discuss each piece of data in its opinion, so long as they consider the evidence as a whole and reach a reasoned conclusion." *Boseley v. Commissioner of Social Security Administration*, 397 Fed. Appx. 195, 199 (6th Cir. 2010). *See Bailey v. Commissioner of Social Security*, 413 Fed. Appx. 853, 855 (6th Cir. 2011) (quoting 20 C.F.R. § 404.953(a)) (While an ALJ is required to provide specific reasons for crediting or discrediting a claimant's testimony, "he is not required to analyze the relevance of each piece of evidence individually. Instead, the regulations state that the decision must contain only 'the findings of facts and the reasons for the decision.'"); *Daniels v. Commissioner of Social Security*, 152 Fed. Appx. 485, 489 (6th Cir. 2005) ("an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered"). Accordingly, plaintiff's claim of error will be denied.

## IV.  CONCLUSION

For the reasons discussed, the Commissioner's decision will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner is directed to re-evaluate plaintiff's RFC to determine whether he can perform light work or sedentary work, to re-evaluate plaintiff's credibility, and to identify the non-corroborating medical evidence referenced in his decision.  A judgment consistent with this opinion will be issued forthwith.


Dated:  September 30, 2015          /s/ Ray Kent
                                    RAY KENT
                                    United States Magistrate Judge